UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY KOPKEY,                          )
                                         )
              Petitioner,                )
                                         )        Case No. 3:13-CV-788 JD
       v.                                )
                                         )
SUPERINTENDENT,                          )
                                         )
              Respondent.                )

<u>OPINION AND ORDER</u>

Timothy Kopkey, a *pro se* prisoner, filed this habeas corpus petition challenging his prison

disciplinary proceeding (WCC 13-03-606) at the Westville Correctional Facility on April 11, 2013.

The Disciplinary Hearing Body (DHB) found him guilty of Threatening in violation of B-213 and

sanctioned him with the loss of 20 days earned credit time.

First, Kopkey argues that the Conduct Report is not consistent with the Offender Evaluation

and Performance Report that was written about him the day before. The Conduct Report states,

"When I walked away he told me 'I better be careful what I write because he is going to write down

state on me.'" DE 5-1 at 1. The Performance Report states, "While asking Mr. Kopkey to sign this

document he commented I should think about what I'm writing because he will be writing down

state." DE 1-2 at 3. To the extent that there is any meaningful discrepancy between these two

reports, it was for the DHB to resolve that discrepancy. "The Federal Constitution does not require

evidence that logically precludes any conclusion but the one reached by the disciplinary board."

*Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Federal courts do not independently assess witness

credibility or re-weigh the evidence in prison disciplinary cases. *Id.* at 455-56.

> [T]he findings of a prison disciplinary board [need only] have the support of some
> evidence in the record. This is a lenient standard, requiring no more than a modicum
> of evidence. Even meager proof will suffice, so long as the record is not so devoid

of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a conduct report alone can provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the conduct report alone is sufficient to support the DHB's conclusion that Kopkey was guilty of threatening. Though the words used by Kopkey would not invariably constitute a threat in every situation, it was not unreasonable for the DHB to have concluded that in this instance they did.

Second, Kopkey argues that it was a violation of prison rules to have written the Performance Report before the Conduct Report. Without regard to whether there is a prison rule which dictates the sequence of these reports, habeas corpus relief is not available for the violation of a prison rule. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Therefore, even if the Conduct Report should have been written first, that is not a basis for overturning the finding that Kopkey is guilty.

Third, Kopkey objects that his witnesses, Offender Jeremy White and Staff Member Amanda Niece, only provided written statements and did not appear in person at his hearing. He objects because he was not permitted to cross-examine them. However, an inmate in a prison disciplinary hearing has no right to confront or cross examine witnesses. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Fourth, Kopkey argues that he had the right to file a grievance or appeal about how he was treated by a staff member at the prison. That is true. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th

Cir. 2012). However, Kopkey was not disciplined here for filing a grievance or appeal, he was disciplined for threatening. Though Kopkey argues that his words were not a threat, as explained, it was not unreasonable for the DHB to have concluded that they were.

Finally, Kopkey argues that Robert D. Bugher, who served as the Final Reviewing Authority and reviewed Kopkey's administrative appeal, is biased against him because Bugher is a defendant in a civil suit filed by Kopkey. However, though *Wolff* identified rights related to the disciplinary hearing itself, *Wolff* does not provide for any procedural rights on appeal, nor even for a right to appeal at all. The Seventh Circuit has explained that *Wolff* set the limits of due process in prison disciplinary cases and they should not be expanded. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) ("*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns . . . not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners.") Moreover, "prisons need not require staff members who have been sued by an inmate to disqualify themselves from a disciplinary action concerning that inmate; to do so would not only heavily tax the working capacity of the prison staff, it would provide an incentive for inmates to file lawsuits against prison officials." *Wilson-El v. Finnan*, 263 Fed. Appx. 503 (7th Cir. 2008).

For the foregoing reasons, the habeas corpus petition is **DENIED**.

SO ORDERED.

ENTERED: July 21, 2014

     /s/ JON E. DEGUILIO     
Judge
United States District Court
